UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMES NICHOLAS WYATT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:19-CV-176 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed as time-barred.

**Procedural History**

On January 13, 2017, movant pled guilty to possession with intent to distribute methamphetamine, 21 U.S.C.§§ 841(a)(1), (b)(1)(B)(viii), and felon in possession of a firearm, 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). On April 4, 2017, the Court sentenced movant to a total term of 84 months' imprisonment and four years supervised release.

On April 4, 2017, movant's counsel, Michael Skrien, filed a document entitled "Certification of Compliance with Local Rule 12.07(A)." The notice stated, "Comes now counsel for the above named Defendant and, pursuant to Local Rule 12.07, notifies the Court as follows: Defense counsel has explained to defendant his right to appeal and defendant has not requested that counsel file a Notice of Appeal." Defendant then marked the box indicating: "I have been fully informed of my right to appeal the final judgment in this case, I do not wish to file a Notice of Appeal, and I have instructed my attorney not to file a Notice of Appeal." Movant

did not appeal the judgment.[1] However, on October 30, 2017, movant did send a letter to this Court requesting copies of his plea agreement and judgment. *See* Docket No. 42.

**Motion to Vacate**

On October 4, 2019, this Court received movant's motion to vacate. The certificate of service attached to the motion states: "I declare…under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 09-23-2019." Movant executed the motion to vacate on September 17, 2019.

In his motion to vacate, movant asserts that his counsel was ineffective based on his failure to file a notice of appeal on his behalf. In his Memorandum of Law attached to his motion to vacate, movant asserts that the existence of his appeal waiver[2], did not relieve defense counsel of the responsibility to file a notice of appeal "upon request."

**Legal Standard**

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

---

[1]Movant admits in his motion to vacate that he did not appeal his judgment or conviction.

[2]Movant is referring to the waiver of his right to appeal in his guilty plea agreement, entered into on January 3, 2017. Docket No. 28. Specifically, movant waived his right to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea. Further, movant waived his right to contest his conviction or sentence in a § 2255 proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

2

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final a year and fourteen days after the judgment was entered on April 4, 2017. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on about April 18, 2018. The instant motion was not placed in the prison mailing system until September 23, 2019, more than a year after the statute of limitations had run. Furthermore, the record clearly shows that movant instructed his attorney not to file a notice of appeal, as he signed the Certification of Compliance with 12.07(A) indicating that he did not wish to appeal his judgment.

3

As such, movant will be required to show cause why this action should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed.

Dated this 7th day of October, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE